Case 3:23-cr-00015-NKM-JCH   Document 815   Filed 05/06/25   Page 1 of 7
Pageid#: 4925

CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
May 06, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
   DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NORMAN EUGENE GOINS, JR.<br><br>*Defendant.* | CASE NO. 3:23-cr-00015-018<br><br>**MEMORANDUM OPINION**<br><br>JUDGE NORMAN K. MOON |

The Defendant, Norman Eugene Goins, Jr., moves to bifurcate his upcoming trial so that the jury would consider his unlawful possession of a firearm charge in two phases. Dkt. 795. He proposes that the jury would not learn of his prior felony conviction unless it finds that he knowingly possessed a firearm that moved in interstate commerce. However, the proposed bifurcation is not essential for mitigating potential prejudice to the Defendant and presents a significant risk of confusing the jury. For the reasons set forth below, his motion is denied.

## I. BACKGROUND

In a Third Superseding Indictment, the grand jury charged the Defendant with three offenses: possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g) (Count One); possession with intent to distribute fentanyl and methamphetamine in violation of 21 U.S.C. § 841(a), (b)(1)(A), (C) (Count Two); and possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three). Dkt. 772. His trial is set to begin May 12, 2025.

1

Count One is at issue in the current motion. To show a § 922(g) felon-in-possession violation, the Government must prove three elements: "(i) that the defendant was a convicted felon at the time of the offense; (ii) that he voluntarily and intentionally possessed a firearm; and (iii) that the firearm traveled in interstate commerce at some point." *United States v. Adams*, 814 F.3d 178, 183 (4th Cir. 2016) (quoting *United States v. Gallimore,* 247 F.3d 134, 136 (4th Cir. 2001)).

The Defendant previously moved to sever his trial on the felon-in-possession charge from the other offenses. Dkt. 713. He argued that if the jury learns of his prior felony conviction it will be biased against him and potentially predisposed to convict him because of his criminal history.[1] However, the Court denied this motion. Dkts. 758, 797, 805. As the Court explained while ruling from the bench on April 30, 2025, the felon-in-possession charge is interconnected with the other two charges such that a logical relationship exists between the three counts to make them part of the "same act or transaction" or "common scheme or plan" under Fed. R. Crim. P. 8(a). The Court also rejected the Defendant's contention that severance was necessary under Fed. R. Crim. P. 14(a) because he failed to show that "there is a serious risk that a joint trial would ... prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Cardwell*, 433 F.3d 378, 387 (4th Cir. 2005) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). Indeed, the Court noted that there are practical steps available to guard against potential prejudice that would arise from the jury learning of the Defendant's felon status as an element of the felon-in-possession charge. For example, the Court can instruct the jury that each offense charged in the indictment and the evidence pertaining to it should be considered separately. The parties can also stipulate to the existence of a prior felony while keeping more detailed facts

---

[1] The Defendant was convicted in the Circuit Court for the City of Charlottesville in 2005 for distribution of cocaine, a Schedule II controlled substance, second or subsequent offense, in violation of Va. Code § 18.2-248. Dkt. 697.

about the nature of the felony from the jury. Finally, the Court rejected the Defendant's argument that severance was warranted under Fed. R. Evid. 403.

Despite the Court's rulings, defense counsel requested later in the April 30 hearing that the Court consider "bifurcating" the Defendant's felon in possession charge. The Court directed further briefing on the matter. In his written motion, the Defendant proposes that the Defendant receive a trial on all three counts charged in the Third Superseding Indictment but the jury would not learn of his prior felony conviction unless it found that he knowingly possessed a firearm that traveled or was transported in interstate commerce. Dkt. 795 at 3-4. Essentially, this would add an extra phase to the jury's deliberations. The Defendant contends that this approach is necessary to ensure that he receives a fair trial because "this case is going to hinge largely on whether or not the jury members are convinced that Mr. Goins, despite not being present in the home, was in possession of the firearm and narcotics in the home." *Id*. at 5. Thus, he contends "that a jury's knowledge of Mr. Goins' prior conviction prior to rending a verdict, could unfairly tip the scales in favor of conviction." *Id*.

## II. LEGAL STANDARDS

Bifurcation is not expressly referenced in the Federal Rules of Criminal Procedure. Rule 14(a) generally applies to motions to sever; however, it has also been applied when assessing motions to bifurcate. *See United States v. Cavillo-Rojas*, 510 Fed. Appx. 238, 246 (4th Cir. 2013) (unpublished). A defendant seeking relief under Rule 14(a) "has the burden of demonstrating a strong showing of prejudice." *United States v. Goldman*, 750 F.2d 1221, 1225 (4th Cir. 1984) (citations omitted).

3

**III. DISCUSSION**

In his written motion, the Defendant proposes a bifurcation procedure discussed in a federal appellate decision from outside this circuit, *United States v. Dockery*, 955 F.2d 50 (D.C. Cir. 1992). In *Dockery*, the appellate court held that a district court erred when it permitted the joint trial of an ex-felon count with three drug-related counts and refused to sever the ex-felon count. *Id*. at 50, 53. In the district court, the Government not only opposed the motion to sever – it also opposed introducing the defendant's prior conviction by stipulation or to try the count to the judge, and it "repeatedly referred to the defendant's prior conviction during the trial." *Id*. at 50-51. Based on the facts presented, the D.C. Circuit vacated the defendant's conviction because "the high level of care necessary to prevent undue prejudice was not present in the trial of this case." *Id*. at 51. In a footnote in the decision, the Court suggested a procedure whereby the district judge could have bifurcated the trial on the felony-in-possession charge and mitigated potential prejudice to the defendant:

> the trial judge might have instructed the jury solely on possession, withholding any evidence of the ex-felon count until a verdict was reached. Then, assuming the jury had found Dockery guilty of possession, the court could have asked the jury to find whether or not Dockery was an ex-felon, allowing at that time the State to offer its evidence.

*Id*. at 55 n. 4.

However, the Government correctly points to important developments in the case law since *Dockery* that call the necessity of the Defendant's bifurcation proposal into question. Dkt. 807 at 3-6.

First, the Supreme Court has held that stipulations can guard against undue prejudice to a defendant. *See Old Chief v. United States*, 519 U.S. 172, 190-91 (1997) ("The most the jury needs to know is that the conviction admitted by the defendant falls within the class of crimes

4

that Congress thought should bar a convict from possessing a gun, and this point may be made readily in a defendant's admission and underscored in the court's jury instructions.").

Second, a number of federal appellate courts have questioned the propriety of allowing a jury to separately decide whether a defendant possessed a firearm that has, at some point, moved in interstate commerce before determining whether the defendant was previously convicted of a felony offense. In *United States v. Barker*, 1 F.3d 957, 959 (9th Cir. 1993), for example, the Ninth Circuit held that a district court cannot bifurcate a felon-in-possession offense into multiple proceedings. The Court explained that allowing for bifurcation would prevent the Government "from proving an essential element of the charged offense, and the district court would breach its duty to instruct the jury on all the essential elements of the crime charged." *Id*. Moreover, "the district court's bifurcation order might unfairly confuse the jury, prompting it to exercise its power of nullification on the unwarranted belief that the defendant was charged for noncriminal conduct." *Id*.

The Second Circuit has similarly underscored the confusion that could result from bifurcating a jury's consideration of the elements of a felony-in-possession charge. In a decision that found a district court abused its discretion in deciding to bifurcate a trial, the Court noted the following dynamics:

> The district court's bifurcation order here presents the problem of forcing the jury to deliberate about the issue of ammunition possession without knowing that the charged crime requires a prior felony. This can confuse the jurors and unfairly prejudice the government because the jurors are being asked to deliberate about facts that they most likely would *not* consider to be a crime: simply possessing a firearm or ammunition. The felon-in-possession statute does not punish simple possession, rather the offense punishes felons who, with the requisite mens rea of their felon status, carry a firearm or ammunition.

*United States v. Amante*, 418 F.3d 220, 224-25 (2d Cir. 2005) (internal citations omitted).

5

Although it appears the Fourth Circuit has not addressed the issue of bifurcating jury deliberations in a felon-in-possession case, at least one other district court in this circuit has considered (and rejected) a similar motion for bifurcation. *See United States v. Alexander*, 30 F.Supp.3d at 499, 504-05 (E.D. Va. 2014) (observing that "courts have denied bifurcation to separately consider whether a defendant was a felon and whether he possessed a gun because 'proof of the felony conviction is essential to the proof of the offense.'" (citing *United States v. Breitkreutz,* 8 F.3d 688, 691 (9th Cir.1993)).

Here, the Defendant has failed to carry his burden of making "a strong showing of prejudice" if the Court does not bifurcate his trial. *Goldman*, 750 F.2d at 1225. The Court finds the Ninth and Second Circuits' critiques of bifurcation in felon-in-possession cases quite persuasive, especially considering the risk that such a phased approach could confuse jurors who may believe that the Defendant is being prosecuted merely for firearm possession. The Court also notes that the bifurcation procedure proposed by the Defendant would conflict with its duty to instruct the jury on all the elements of a criminal offense.

The Court also reiterates that alternatives to bifurcation are available to mitigate prejudice. that the Government states that "the parties have already executed a stipulation in which Goins admits his prior conviction but not the nature of the conviction." Dkt. 807 at 3. Although the Defendant contends a stipulation is insufficient to ensure a fair trial, Dkt. 795 at 5, the Court observes that the Fourth Circuit has noted on several occasions that stipulations about the fact of a defendant's felon status (without disclosing the specific nature of the prior conviction) paired with thorough limiting instructions adequately protect a defendant against prejudice. *See United States v. Mason*, 139 Fed. Appx. 502, 505 (4th Cir. 2005); *Cardwell*, 433 F.3d at 388. Consistent with Fourth Circuit precedent, the Court will use a specific limiting jury

6

instruction to reduce the risk of prejudice resulting from evidence of the Defendant's prior felony conviction. The parties will also be allowed to rely on the stipulation.

## CONCLUSION

For the reasons provided, the Defendant's motion to bifurcate, Dkt. 795, is **DENIED**. The Court will enter an accompanying Order on this date.

Entered this <u>6th</u> day of May, 2025.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE